UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                             :
LUIS BRAVO,                                                  :
                                                             :
                                                             :
                                   Plaintiff,                :
                                                             :
                     -against-                               :
                                                             :
U.S. ATTORNEY GENERAL MERRICK                                :
GARLAND,                                                     :
                                                             :
                                   Defendant.                :
                                                             X
-------------------------------------------------------------

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/2022
```

1:22-cv-6736-GHW

VALENTIN ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant and two unnamed members of the United States Marshal Service ("USMS") violated his rights. Plaintiff paid the filing fees to bring this action.[1]

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)

---

[1] Plaintiff filed this action on August 8, 2022, without the filing fees or a request to proceed *in forma pauperis* ("IFP"). By order dated August 9, 2022, the Chief Judge Laura Taylor Swain directed Plaintiff, within 30 days of the date of that order to either pay the filing fees or submit a completed and signed IFP application. (ECF No. 2.) On August 16, 2022, Plaintiff paid the filing fees

(citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

### A.   United States Attorney General Merrick Garland

Plaintiff claims against United States Attorney General Merrick Garland must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how United States Attorney General Merrick Garland was personally involved in the events underlying his claims. Plaintiff's claims against this Defendant are therefore dismissed without prejudice to Plaintiff naming this Defendant in an amended complaint, if he can allege the personal involvement of United States Attorney General Merrick Garland in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Rule 21 of the Federal Rules of Civil Procedure**

Plaintiff asserts that on September 23, 2021, two members of the USMS arrested him in the Dominican Republic and abandoned him there, placing him in great danger that resulted in his sickness and injuries. Because Plaintiff fails to name as Defendants these two members of the USMS, who Plaintiff alleges were involved in the alleged deprivation of his rights, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add "John Doe 1, USMS," and "John Doe 2, USMS," as Defendants. This amendment is without prejudice to any defenses that these Defendants may wish to assert.

**C.      John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the USMS to identify the two members of the USMS involved in the alleged deprivation of Plaintiff's rights on September 23, 2019. It is therefore ordered that the United States Attorney's Office, which is the attorney for and agent of the USMS, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where the Defendants may be served. The United States Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original

complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on these Defendants.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against United States Attorney General Merrick Garland. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add "John Doe 1, USMS," and "John Doe 2, USMS," as Defendants, pursuant to Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses that these Defendants may wish to assert.

The Clerk of Court is further directed to mail a copy of this order and the complaint to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  August 23, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

4